TONIA OUELLETTE KLAUSNER (pending *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Facsimile:   (212) 999-5899
Email: tklausner@wsgr.com

SARA L. TOLBERT, State Bar No. 300945
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email:      stolbert@wsgr.com

Attorneys for Defendant
DONOTPAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW HUFNUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DONOTPAY, INC., a Delaware Corporation<br><br>Defendant. | CASE NO.: 3:20-cv-08701-VC<br><br>**DEFENDANT DONOTPAY, INC.'S NOTICE OF MOTION AND MOTION TO STAY**<br><br>**Date: February 25, 2021**<br>**Time: 10:00am**<br>**Dept: Courtroom 4, 17th Floor**<br>**Judge:  Hon. Vince Chhabria**<br><br>**Complaint Filed: December 9, 2020** |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ...................................................................................... 1

MEMORANDOM OF POINTS AND AUTHORITIES ............................................................. 2

I.   INTRODUCTION ........................................................................................................... 2

II.  BACKGROUND ............................................................................................................. 3

    A.   Definition of an ATDS ........................................................................................ 3

    B.   Factual Background ............................................................................................. 4

III. ARGUMENT ................................................................................................................... 4

    A.   Legal Standard ..................................................................................................... 4

    B.   This Action Should be Stayed Pending Resolution of *Duguid* ............................... 5

IV.  CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*ACA Int'l v. FCC*,
　885 F.3d 687 (D.C. Cir. 2018) .................................................................................................. 3

*Aleisa v. Square, Inc.*,
　No. 20-cv-00806-EMC, 2020 U.S. Dist. LEXIS 188024
　(N.D. Cal. Oct. 9, 2020) ................................................................................................... 5, 6, 7

*Allan v. Pa. Higher Educ. Assistance Agency*,
　968 F.3d 567 (6th Cir. 2020), *petition for cert. filed* (6th Cir. Nov. 20, 2020) .................... 4

*Arris Sols., Inc. v. Sony Interactive Entm't LLC*,
　No. 5:17-CV-01098-EJD, 2017 U.S. Dist. LEXIS 168520
　(N.D. Cal. Oct. 10, 2017) ......................................................................................................... 7

*Borden v. eFinancial, LLC*,
　No. C19-1430JLR, 2020 U.S. Dist. LEXIS 192912
　(W.D. Wash. Oct. 16, 2020) ..................................................................................................... 5

*Canady v. Bridgecrest Acceptance Corp.*,
　No. CV-19-04738-PHX-DWL, 2020 U.S. Dist. LEXIS 161629
　(D. Ariz. Sep. 3, 2020) .............................................................................................................. 5

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
　No. C-14-3348- EMC, 2015 U.S. Dist. LEXIS 27953
　(N.D. Cal. Mar. 6, 2015) ........................................................................................................... 6

*Clinton v. Jones*,
　520 U.S. 681 (1997) ................................................................................................................. 4

*CMAX, Inc. v. Hall*,
　300 F.2d 265 (9th Cir. 1962) .................................................................................................... 5

*Creasy v. Charter Commc'n, Inc.*,
　No. 20-1199, 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sep. 28, 2020) ............................ 5

*Cunningham v. Big Think Capital Inc.*,
　No. 2:19-cv-00638-ILG-PK, ECF No. 28 (E.D.N.Y July 20, 2020) .................................. 5

*Dominguez v. Yahoo, Inc.*,
　894 F.3d 116 (3d Cir. 2018) ..................................................................................................... 3

*Duguid v. Facebook, Inc.*,
　926 F.3d 1146 (9th Cir. 2019) .................................................................................................. 3

*Duran v. LaBoom Disco, Inc.*,
　955 F.3d 279 (2d Cir. 2019), *petition for cert. filed* (2d Cir. Sep. 3, 2020) ........................ 4

*Facebook, Inc. v. Duguid*,
　141 S.Ct. 193, 207 L. Ed. 2d 1118 (2020) ..................................................... 1, 2, 4, 5, 7

*Facebook, Inc. v. Duguid*,
    No. 19-511, 2020 WL 3865252 (U.S. Oct. 17, 2020) ...................................................... 4

*Frantz v. Force Factor*,
    LLC, No. 20-cv-1012-MMA (KSC), 2020 U.S. Dist. LEXIS 213941
    (S.D. Cal. Nov. 13, 2020) ................................................................................................. 5

*Gadelhak v. AT&T Servs., Inc.*,
    950 F.3d 458 (7th Cir. 2020), *petition for cert. filed* (7th Cir. Aug. 17, 2020) ................... 3

*Glasser v. Hilton Grand Vacations Co.*,
    948 F.3d 1301 (11th Cir. 2020), *petition for cert. filed*
    (11th Cir. Sep. 28, 2020) ................................................................................................... 3

*Gustavson v. Mars, Inc.*,
    No. 13-cv-04537-LHK, 2014 U.S. Dist. LEXIS 171736
    (N.D. Cal. Dec. 10, 2014) ................................................................................................. 6

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) .......................................................................................................... 4

*Larson v. Trans Union, LLC*,
    No. 12-CV-05726-WHO, 2015 U.S. Dist. LEXIS 83459
    (N.D. Cal. June 26, 2015) ................................................................................................. 6

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ........................................................................................... 5

*Loftus v. Signpost, Inc.*,
    No. 19 cv 7984 (JGK), 2020 U.S. Dist. LEXIS 193130
    (S.D.N.Y. Oct. 19, 2020) ................................................................................................... 5

*Pappas v. Mypizza Techs., Inc.*,
    No. 20-CV-5680 (VEC), 2020 U.S. Dist. LEXIS 226769
    (S.D.N.Y. Dec. 3, 2020) .................................................................................................... 5

*S.F. Tech., Inc. v. Glad Prods*.
    Co., No. 10-CV-00966 JF (PVT), 2010 U.S. Dist. LEXIS 83681
    (N.D. Cal. July 19, 2010) .................................................................................................. 5

*Sealey v. Chase Bank U.S.A.*,
    No. 19-cv-07710-JST, 2020 U.S. Dist. LEXIS 183537
    (N.D. Cal. Sep. 29, 2020) .................................................................................................. 5

*Trim v. Mayvenn, Inc.*,
    No. 20-cv-03917-MMC, 2020 U.S. Dist. LEXIS 205361
    (N.D. Cal. Nov. 3, 2020) ............................................................................................... 5, 7

**STATUTES**

47 U.S.C. § 227 ............................................................................................................. 2, 3, 4, 5, 7

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on February 25, 2021, at 10:00 AM, before the Honorable Vince Chabbria of the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 4 – 17th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendant DoNotPay, Inc. ("DoNotPay") will, and hereby does, move this Court for an order staying the case pending a decision from the Supreme Court in *Facebook, Inc. v. Duguid*, Docket No. 19-511 (argued Dec. 8 2020).  Plaintiff does not oppose this request.

The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the proposed order filed concurrently herewith; the pleadings, records, and papers on file in this action; oral argument of counsel, if any; and any other matters properly before the Court.

**MEMORANDOM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

DoNotPay, Inc. ("DoNotPay") offers a mobile phone app that utilizes artificial intelligence to help consumers solve a variety of problems, such as fighting parking tickets, cancelling auto-renew subscriptions, and obtaining refunds. DoNotPay's goal is to level the playing field and make legal information and self-help accessible to all consumers.

Plaintiff Mathew Hufnus, on behalf of himself and a putative class, brings this action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and specifically the provision of the TCPA that makes it unlawful to call a wireless number using an "automatic telephone dialing system" ("ATDS") without the prior express consent of the called party. *Id.* § 227(b)(1)(A). Plaintiff alleges that DoNotPay sent him a single series of notifications via SMS message on his cell phone to complete his registration for DoNotPay's services, and that he did not consent to receiving the text message. To prevail on his claim, Plaintiff must prove that DoNotPay sent him the text message (1) using an ATDS and (2) without his consent. The Supreme Court will soon decide the meaning of ATDS under the TCPA, and specifically whether to qualify as an ATDS the equipment at issue must possess a random or sequential number generator. *See Facebook, Inc. v. Duguid*, 141 S.Ct. 193, 207 L. Ed. 2d 1118, *cert. granted in part* (U.S. July 9, 2020) (No. 19-511). Plaintiff does not allege that the text he received from DoNotPay was sent using equipment capable of generating random or sequential phone numbers and sending text messages to such numbers. Therefore, the Court's ruling in *Duguid* may be dispositive of this case. Moreover, even if the case were to proceed past the pleading stage, the Court's ruling in *Duguid* will have a significant impact on discovery. Accordingly, for the sake of efficiency and to avoid discovery into irrelevant matters, DoNotPay respectfully seeks a stay pending a decision from the Supreme Court in *Duguid*.

Plaintiff does not oppose DoNotPay's request for a stay. Further, given the early status of this case, and the likelihood of a ruling from the Supreme Court within a few months, a stay will not prejudice Plaintiff, and will avoid inefficient use of the Court's and the parties' resources. For

these reasons, and as explained further below, DoNotPay respectfully requests that the Court exercise its broad discretion and stay the case pending a decision in *Duguid*.

## II. BACKGROUND

### A. Definition of an ATDS

Under the TCPA, it is "unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service, . . . or any service for which the called party is charged for the call[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Circuit courts of appeal are split on their interpretation of the ATDS definition, and whether the clause "random or sequential number generator" modifies both "to store" and "to produce." The Third, Seventh, and Eleventh Circuits have determined that a system with merely the capacity to automatically dial stored lists of numbers does not qualify as an ATDS because the system must also have the capacity to generate random or sequential numbers. *See Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 118 (3d Cir. 2018); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 469 (7th Cir. 2020), *petition for cert. filed*, (7th Cir. Aug. 17, 2020) (No. 20-209); *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1311-12 (11th Cir. 2020), *petition for cert. filed*, (11th Cir. Sep. 28, 2020) (No. 20-418); *see also ACA Int'l v. FCC*, 885 F.3d 687, 702 (D.C. Cir. 2018) (dialing from a set list is not "random or sequential"). On the other hand, the Second, Sixth, and Ninth Circuits have construed ATDS more expansively and have concluded that a system that automatically dials numbers from a stored list qualifies as an ATDS, even if the system does not use, or have the capacity to use, a random or sequential number generator. *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1150-51 (9th Cir. 2019) (ATDS is defined as "equipment which has the capacity—(1) to store numbers to be called *or* (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically") (emphasis added); *Duran v. LaBoom Disco, Inc.*, 955 F.3d 279, 284 (2d Cir. 2019), *petition for cert. filed*, (2d Cir. Sep. 3, 2020) (No. 20-308); *Allan v. Pa. Higher Educ.*

*Assistance Agency*, 968 F.3d 567, 574 (6th Cir. 2020), *petition for cert. filed*, (6th Cir. Nov. 20, 2020) (No. 20-723).

To resolve this split, the Supreme Court will decide the question of "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252, at *ii (U.S. Oct. 17, 2020). Oral arguments in *Duguid* were heard on December 8, 2020. *See Hr'g Tr.* https://www.supremecourt.gov/oral_arguments/argument_transcripts/2020/19-511_7k47.pdf (last accessed January 7, 2021).

### B.  Factual Background

Plaintiff alleges that DoNotPay transmitted text messages to Plaintiff's cellular telephone number regarding registration for DoNotPay's services. Compl. ¶ 25. According to Plaintiff, he did not provide "express written consent to be contacted by marketing text messages sent using an ATDS." *Id.* ¶ 30.

However, the complaint fails to allege that DoNotPay's system has the capacity to or did generate random or sequential numbers in sending a text message to Plaintiff. The only references to a random or sequential number generator by Plaintiff in the complaint are legal definitions and not specific to DoNotPay's system. *See* Compl. ¶¶ 23, 54. Moreover, there is nothing "random" about how DoNotPay contacted Plaintiff. Plaintiff completed a form on DoNotPay's website and provided his phone number as part of the registration process for DoNotPay's services.

### III.  ARGUMENT

### A.  Legal Standard

A court has the inherent power to stay the proceedings before it in order to promote judicial efficiency. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In the exercise of that authority, "the Court must weigh 'the competing interests which will be affected by the granting or refusal to grant a stay.'" *S.F. Tech., Inc. v. Glad Prods*. Co., No. 10-CV-00966 JF (PVT), 2010 U.S. Dist. LEXIS 83681, at *5 (N.D. Cal. July 19, 2010) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). "Among these competing interests are the possible damage which may result from the granting of a stay, the

hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *S.F. Tech., Inc.*, 2010 U.S. Dist. LEXIS 83681, at *5 (same).

### B.    This Action Should be Stayed Pending Resolution of *Duguid*

Each of the above factors weighs in favor of granting a stay here.  Indeed, many courts in this district and throughout the country have issued stays in similar TCPA litigations based on the forthcoming *Duguid* decision.  *See, e.g.*, *Trim v. Mayvenn, Inc.*, No. 20-cv-03917-MMC, 2020 U.S. Dist. LEXIS 205361, at *6-13 (N.D. Cal. Nov. 3, 2020); *Aleisa v. Square, Inc.*, No. 20-cv-00806-EMC, 2020 U.S. Dist. LEXIS 188024, at *16-21 (N.D. Cal. Oct. 9, 2020); *Sealey v. Chase Bank U.S.A.*, No. 19-cv-07710-JST, 2020 U.S. Dist. LEXIS 183537, at *3-4 (N.D. Cal. Sep. 29, 2020); *Frantz v. Force Factor*, LLC, No. 20-cv-1012-MMA (KSC), 2020 U.S. Dist. LEXIS 213941, at *11 (S.D. Cal. Nov. 13, 2020); *Borden v. eFinancial, LLC*, No. C19-1430JLR, 2020 U.S. Dist. LEXIS 192912, at *8 (W.D. Wash. Oct. 16, 2020); *Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2020 U.S. Dist. LEXIS 161629, at *5-13 (D. Ariz. Sep. 3, 2020); *Creasy v. Charter Commc'n, Inc.*, No. 20-1199, 2020 U.S. Dist. LEXIS 177798, at *19-20 (E.D. La. Sep. 28, 2020); *Pappas v. Mypizza Techs., Inc.*, No. 20-CV-5680 (VEC), 2020 U.S. Dist. LEXIS 226769, at *3-4 (S.D.N.Y. Dec. 3, 2020)*; Loftus v. Signpost, Inc.*, No. 19 cv 7984 (JGK), 2020 U.S. Dist. LEXIS 193130, at *1-2 (S.D.N.Y. Oct. 19, 2020); Motion to Stay, *Cunningham v. Big Think Capital Inc.*, No. 2:19-cv-00638-ILG-PK, ECF No. 28 (E.D.N.Y July 20, 2020); Order (E.D.N.Y Aug. 4, 2020).

***First***, Plaintiff will not be prejudiced or disadvantaged by a stay—a point which Plaintiff concedes by not opposing this motion.  The duration of the requested stay is likely only a few months, so the delay would be limited.  Briefing in *Duguid* is complete and arguments have already been heard.  It is expected that the Supreme Court will issue its decision in the next few months. *See Aleisa*, 2020 U.S. Dist. LEXIS 188024, at *16 (granting stay in light of *Duguid* and noting "[t]he Supreme Court is likely to issue an opinion on this question in the first half of 2021.").

Moreover, "the early stage of this litigation weighs in favor of a stay." *See Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. C-14-3348- EMC, 2015 U.S. Dist. LEXIS 27953, at *7 (N.D. Cal. Mar. 6, 2015) (granting stay where "very little substantive work has been done in this case, and there are no immediately pressing deadlines or trial dates"). Plaintiff filed the Complaint on December 9, 2020. ECF No. 1. The time for DoNotPay to respond to the complaint is February 22, 2021, and the case management conference is scheduled for March 10, 2021. ECF Nos. 9, 12. No discovery has been conducted at this point, and any stay will not impact Plaintiff's ability to obtain records, as DoNotPay is under a litigation hold and has taken steps to preserve relevant documents.

Further, Plaintiff is not prejudiced by ongoing harm. Plaintiff does not allege that DoNotPay has continued to send him text messages (*see* Compl. ¶¶ 25-26) or that he is suffering any ongoing harm from DoNotPay's actions. Plaintiff seeks only statutory damages (Compl. ¶ 59) and "mere delay in monetary recovery is an insufficient basis to deny a stay." *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 U.S. Dist. LEXIS 171736, at *7 (N.D. Cal. Dec. 10, 2014).

**Second**, DoNotPay and Plaintiff will suffer hardship if forced to proceed in this case with an uncertain definition of an ATDS. The question of whether DoNotPay used an ATDS is central to this case, and both parties' discovery efforts and litigation strategy will revolve around this core issue. Plaintiff's position is that ATDS includes any equipment that stores and automatically texts telephone numbers, regardless of whether those numbers were (or could have been) generated by a random or sequential number generator. *See* Compl. ¶ 23. It is likely that Plaintiff will seek expansive discovery on this issue, and DoNotPay will need to engage in costly and time-consuming discovery that would be unnecessary should the Supreme Court adopt the narrow definition of an ATDS utilized in several Circuits. *See Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2015 U.S. Dist. LEXIS 83459, at *23-24 (N.D. Cal. June 26, 2015) ("if the case is not stayed, the Court, the parties, and the absent class members . . . would all face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary."). Moreover, because Plaintiff does not claim it will be harmed by the requested stay, requiring the parties to move forward is considered a legitimate form of hardship. *See Arris Sols., Inc. v. Sony*

*Interactive Entm't LLC*, No. 5:17-CV-01098-EJD, 2017 U.S. Dist. LEXIS 168520, at *6 (N.D. Cal. Oct. 10, 2017) ("when the opponent does not adduce evidence that it will be harmed by a stay[,] . . . courts have considered the moving party's burden in litigating the case to be a legitimate form of hardship") (citation and quotation omitted).

**Third**, the issue to be decided in *Duguid*, namely what constitutes an ATDS, is a threshold question of law, resolution of which will simplify the issues in this case and potentially lead to early dismissal. It is undisputed that Plaintiff must prove that DoNotPay sent a text message using an ATDS. As explained above, Plaintiff's Complaint alleges use of an ATDS based on the Ninth Circuit's interpretation of the ATDS definition; he does not allege use of a random or sequential number generator. Accordingly, if the Supreme Court holds that an ATDS must use (or have the capacity to use) a "random or sequential number generator," Plaintiff's Complaint will be subject to dismissal for failure to state a claim. Thus, awaiting a ruling from the Supreme Court will benefit the orderly course of justice. *See, e.g.*, *Trim*, 2020 U.S. Dist. LEXIS 205361, at *10 (granting stay where *Duguid* decision would provide "valuable assistance to the court in resolving" TCPA claims); *Aleisa*, 2020 U.S. Dist. LEXIS 188024, at *16 (granting stay because the *Duguid* decision will "greatly simplify a key question of law in the instant case").

## IV.   CONCLUSION

For the reasons stated above, DONOTPAY respectfully requests that the Court grant its motion and stay the case pending the Supreme Court decision.

Dated: January 19, 2021

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Sara L. Tolbert
Sara L. Tolbert
Attorneys for Defendant
DONOTPAY, INC.