**DAPEER ROSENBLIT LITVAK, LLP**
William Litvak
(Cal. Bar No. 90533)
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
E: wlitvak@drllaw.com
T: 310-477-5575

**IJH Law**
Ignacio Hiraldo, Esq.
(*pro hac vice*)
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469

*Attorneys for Plaintiff and Proposed Class*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW HUFNUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DONOTPAY, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:20-cv-8701-VC<br><br>**CLASS ACTION**<br><br>**AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

FIRST AMENDED CLASS ACTION COMPLAINT

1

# AMENDED CLASS ACTION COMPLAINT[1]

1. Plaintiff Mathew Hufnus, brings this action against Defendant Donotpay, Inc. to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

3. Defendant operates a mobile application and claims to be "the world's first robot lawyer."

4. To market its services, Defendant utilizes an automatic telephone dialing system to send mass text messages to individuals' cellular phone numbers without their consent.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business

---

[1] Plaintiff hereby amends the Complaint as a matter of course pursuant Rule 15 of the Federal Rules of Civil Procedure.

activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of the State of Illinois.

9. Defendant is a Delaware corporation whose principal office is located at 164 Townsend Street, Suite 2A Breather, San Francisco CA 94107. Defendant directs, markets, and provides its business activities throughout the United States, including throughout the state of California.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

11. On or about September 26, 2020, Defendant caused the following automated text messages to be transmitted to Plaintiff's cellular telephone number ending in 2163 ("2163 Number"):

> (415) 329-3731
>
> Add conta…   Report spa…   ✕
>
> 10:24 PM
>
> ur payment details upfront, we really do. But here's a statistic -
>
> DoNotPay users save an average of $450 in cold, hard cash per year.
>
> Hey there it's Jen from DoNotPay - we know it's a lot to ask for yo
>
> stomer service again. If you aren't satisfied, we'll go ahead and d
>
> elete your details and

> (415) 329-3731
>
> Add conta…   Report spa…   ✕
>
> average of $450 in cold, hard cash per year.
>
> Hey there it's Jen from DoNotPay - we know it's a lot to ask for yo
>
> stomer service again. If you aren't satisfied, we'll go ahead and d
>
> elete your details and refund you in full. Finish signing up in the
>
> Sue robocallers, cancel free trials and never have to deal with cu
>
> Now

12. The text messages state: "Hey there it's Jen from DoNotPay – we know it's a lot to ask for your payment details upfront, we really do. But here's a statistic – DoNotPay users save an average of $450 in cold, hard cash per year. Sue robocallers, cancel free trials and never have to deal with customer service again. If you aren't satisfied, we'll go ahead and delete your details and refund you in full. Finish signing up in the."

13. At all times relevant to this action, Plaintiff was the subscriber and/or sole user of the 2163 number.

14. Defendant's text messages constitute telemarketing/advertising because they promote Defendant's business, goods and services.

15. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted by marketing text messages sent using an ATDS.

16. The number used by Defendant to transmit the messages (415-329-3731) is known as a "long code," a standard 10-digit phone number that enabled Defendant to send SMS text messages *en masse*, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

17. Long codes work as follows:  Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic.  These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

18. The impersonal and generic nature of Defendant's text messages demonstrates that Defendant utilized an ATDS to send bulk text messages to Plaintiff and others.  The messages include no personal identifiers and are formatted

in a generic manner, allowing Defendant to simultaneously transmit the same message to thousands of telephone numbers.

19. Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

20. Indeed, the Internet is filled with people who received identical messages as Plaintiff from the same number as Plaintiff as shown below:



[2] https://sms24.me/messages/14153293XXX

> **2 months ago**
>
> **Phone Number:** 🇺🇸 +15595866033
> Hey there it's Jen from DoNotPay - we know it's a lot to ask for your payment details upfront, we really do. But here's a statistic - DoNotPay users save an average of $450 in cold, hard cash per year. Sue robocallers, cancel free trials and never have to deal with customer service again. If you aren't satisfied, we'll go ahead and delete your details and refund you in full. Finish signing up in the app or at donotpay.com/save - Best wishes, Jen from DoNotPay.
>
> **3 months ago**
>
> **Phone Number:** 🇺🇸 +19294510662
> Hey there it's Jen from DoNotPay - we know it's a lot to ask for your payment details upfront, we really do. But here's a statistic - DoNotPay users save an average of $450 in cold, hard cash per year. Sue robocallers, cancel free trials and never have to deal with customer service again. If you aren't satisfied, we'll go ahead and delete your details and refund you in full. Finish signing up in the app or at donotpay.com/save - Best wishes, Jen from DoNotPay.
>
> **3 months ago**
>
> **Phone Number:** 🇺🇸 +13364945921
> Hey there it's Jen from DoNotPay - we know it's a lot to ask for your payment details upfront, we really do. But here's a statistic - DoNotPay users save an average of $450 in cold, hard cash per year. Sue robocallers, cancel free trials and never have to deal with customer service again. If you aren't satisfied, we'll go ahead and delete your details and refund you in full. Finish signing up in the app or at donotpay.com/save - Best wishes, Jen from DoNotPay.
>
> **4 months ago**
>
> **Phone Number:** 🇺🇸 +14147929579
> Hey there it's Jen from DoNotPay - we know it's a lot to ask for your payment details upfront, we really do. But here's a statistic - DoNotPay users save an average of $450 in cold, hard cash per year. Sue robocallers, cancel free trials and never have to deal with customer service again. If you aren't satisfied, we'll go ahead and delete your details and refund you in full. Finish signing up in the app or at donotpay.com/save - Best wishes, Jen from DoNotPay.
>
> **4 months ago**
>
> **Phone Number:** 🇺🇸 +17652337659
> Hey there it's Jen from DoNotPay - we know it's a lot to ask for your payment details upfront, we really do. But here's a statistic - DoNotPay users save an average of $450 in cold, hard cash per year. Sue robocallers, cancel free trials and never have to deal with customer service again. If you aren't satisfied, we'll go ahead and delete your details and refund you in full. Finish signing up in the app or at donotpay.com/save - Best wishes, Jen from DoNotPay.

---

[3] https://sms24.me/messages/14153293XXX

FIRST AMENDED CLASS ACTION COMPLAINT

7

> **Phone Number:** 🇺🇸 +18023270886
> 4 months ago
> [1/3] Hey there it's Jen from DoNotPay - we know it's a lot to ask for your payment details upfront, we really do. But here's a statistic - DoNotPay users save an average of $450 in cold, hard cash per year
>
> **Phone Number:** 🇺🇸 +18023270886
> 4 months ago
> [3/3] he app or at donotpay.com/save - Best wishes, Jen from DoNotPay.
>
> **Phone Number:** 🇺🇸 +18023270886
> 4 months ago
> [2/3] . Sue robocallers, cancel free trials and never have to deal with customer service again. If you aren't satisfied, we'll go ahead and delete your details and refund you in full. Finish signing up in t
>
> 6 months ago

4

---

[4] https://sms24.me/messages/14153293XXX

> **Receiver: 12528227127**
>
> Hey there it's Jen from DoNotPay - we know it's a lot to ask for your payment details upfront, we really do. But here's a statistic - DoNotPay users save an average of $450 in cold, hard cash per year. Sue robocallers, cancel free trials and never have to deal with customer service again. If you aren't satisfied, we'll go ahead and delete your details and refund you in full. Finish signing up in the app or at donotpay.com/save - Best wishes, Jen from DoNotPay.
>
> — 3 weeks ago

> **Receiver: 16209128005**
>
> Hey there it's Jen from DoNotPay - we know it's a lot to ask for your payment details upfront, we really do. But here's a statistic - DoNotPay users save an average of $450 in cold, hard cash per year. Sue robocallers, cancel free trials and never have to deal with customer service again. If you aren't satisfied, we'll go ahead and delete your details and refund you in full. Finish signing up in the app or at donotpay.com/save - Best wishes, Jen from DoNotPay.
>
> — 3 weeks ago

> **Receiver: 18192724789**
>
> Hey there it's Jen from DoNotPay - we know it's a lot to ask for your payment details upfront, we really do. But here's a statistic - DoNotPay users save an average of $450 in cold, hard cash per year. Sue robocallers, cancel free trials and never have to deal with customer service again. If you aren't satisfied, we'll go ahead and delete your details and refund you in full. Finish signing up in the app or at donotpay.com/save - Best wishes, Jen from DoNotPay.
>
> — 3 weeks ago

> **Receiver: 12052458094**
>
> Hey there it's Jen from DoNotPay - we know it's a lot to ask for your payment details upfront, we really do. But here's a statistic - DoNotPay users save an average of $450 in cold, hard cash per year. Sue robocallers, cancel free trials and never have to deal with customer service again. If you aren't satisfied, we'll go ahead and delete your details and refund you in full. Finish signing up in the app or at donotpay.com/save - Best wishes, Jen from DoNotPay.
>
> — 1 month ago

---

[5] https://www.getfreesmsnumber.com/virtual-phone/sender/14153293731

21. To send the text messages, Defendant used a text messaging platform (the "Platform") that permitted Defendant to transmit bulk SMS text messages. Systems like the Platform utilized by Defendant have the capacity to transmit thousands of messages per second and are technologically more sophisticated in their availability to transmit messages than a traditional smartphone.

22. The Platform utilized by Defendant is an ATDS because it has the capacity to (1) store telephone numbers; (2) using a random or sequential number generator.

23. Specifically, the Platform has the capacity to indefinitely store telephone numbers within a computer database for subsequent dialing.

24. Further, the Platform has the capacity to utilize a random and sequential number generator in the storage of those numbers, and does in fact utilize said number generator for a variety of functions including, but not limited to, the selection and creation of SMS packets containing the target telephone numbers to be dialed by the Platform, as well as the sequential and/or random selection of telephone numbers to be dialed from a preselected list of numbers.

25. A packet in the context of SMS transmission is an envelope of data that contains various instructions and content, including the target cellular telephone number to be dialed, the sequence in which to dial each number, and wording of the message. The following is an example of a typical SMS packet:

> SubmitReq:StatusReportReq=true,Destination=0011166500313,Sequence=35722139,Originator=91157,OriginatorType=3,Body=3:2e:0a11:2f14:2f11:0aDEBIT(p)$1:2e47:0aCHKCARDFOUTSETCROBERTIDUS:0aFornexttransaction:3aReplyN:0aForprevious:3aReplyP,BillingRef=,ClientRef=41883049-1,ProfileId=31174,Operator=31003,Tariff=0,Tag-Program=stdrt,TagChClientID=31174,TagChUsername=corvette_31174,ServiceId=51437,Interface=xml,

FIRST AMENDED CLASS ACTION COMPLAINT
10

26. In the context of SMS packet creation, the Platform utilizes a random and/or sequential number generator to pull and generate telephone numbers from a list of numbers and transfer those numbers to a separate list for the creation of the packets, and ultimately placement into each independent SMS packet.

27. In the context of dialing the numbers, the Platform utilizes a random and/or sequential number generator to pick and designate the sequence in which to dial the telephone numbers. The Platform independently selects the rate and time at which to dial each telephone numbers and may temporarily store the packets in a queue when the volume exceeds capacity to deliver them.

28. The Platform also has the capacity to use its random and/or sequential number generator to generate random or sequential identification numbers that it assigns to each SMS packet.

29. Defendant's unsolicited calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to his life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

30. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

31. Plaintiff brings this case on behalf of the Class defined as follows:

**NO CONSENT CLASS:** All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message using the same type of equipment used to text message Plaintiff, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number for the purpose of promoting and/or advertising Defendant's goods and/or services.

32. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

33. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

34. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

36. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

    a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an ATDS;

    b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

    c) Whether Defendant's conduct was knowing and willful;

    d) Whether Defendant is liable for damages, and the amount of such damages; and

e) Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41.  The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and Do Not Consent Class)**

42.  Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

43.  It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

44.  The TCPA defines an "automatic telephone dialing system" (hereinafter "ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* at § 227(a)(1).

45.  Defendant – or third parties directed by Defendant – used an ATDS to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined below.

46.  These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

47. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an ATDS to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

48. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

49. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff seeks for himself and each member of the Class treble damages, as provided by statute, up to $1,500.00 for

        each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity, and to otherwise protect the interests of the Class;

g) An injunction prohibiting Defendant from using, or contracting the use of, an ATDS without obtaining, recipient's consent to receive calls made with such equipment;

h) An award of reasonable attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

i) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Respectfully submitted,

Dated: April 16, 2021

By: /s/*Ignacio Hiraldo*
Ignacio Hiraldo, Esq.
(*pro hac vice*)
IJhiraldo@Hiraldolaw.com
**IJH Law**
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469

William Litvak (SBN 90533)
wlitvak@drllaw.com
**DAPEER ROSENBLIT LITVAK, LLP**
11500 W. Olympic Blvd. Suite 550
Los Angeles, California 90064
(t) (310) 477-5575

*Attorneys for Plaintiff and the Proposed Class*

FIRST AMENDED CLASS ACTION COMPLAINT
17