1                    UNITED STATES DISTRICT COURT

2                  NORTHERN DISTRICT OF CALIFORNIA

3               BEFORE THE HONORABLE VINCE CHHABRIA, JUDGE

4

5

6    MATHEW HUFNUS, INDIVIDUALLY )
     AND ON BEHALF OF ALL OTHERS )
7    SIMILARLY SITUATED,         ) **NO. CV-20-08701 VC**
                                 )
8                   PLAINTIFF,   )
                                 ) SAN JOSE, CALIFORNIA
9         VERSUS                 )
                                 ) APRIL 28, 2021
10   DONOTPAY, INC., A DELAWARE  )
     CORPORATION,                ) INITIAL CMC
11                               )
                    DEFENDANT.   ) PAGES 1 - 9
12   _____    )

13

14        **TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC**
          **SOUND RECORDING - FTR 2:22 - 2:33 = 11 MINUTES**
15

16

     **A-P-P-E-A-R-A-N-C-E-S:**
17

18   **FOR THE PLAINTIFF:**    IJH LAW
                               BY:  **IGNACIO HIRALDO**
19                             1200 BRICKELL AVE, STE 1950
                               MIAMI, FL 33131

20   **FOR THE DEFENDANT:**    WILSON SONSINI GOODRICH ROSATI
                               BY:  **TONIA KLAUSNER**
21                             1301 AVENUE OF THE AMERICAS, 40TH FL
                               NEW YORK, NY  10019
22
                               BY:  **SARA TOLBERT**
23                             650 PAGE MILL ROAD
                               PALO ALTO, CA  94304
24
     TRANSCRIBED BY:           GINA GALVAN COLIN, CSR 10723
25                             GINACOLINCSR@YAHOO.COM

```
1      WEDNESDAY, APRIL 28, 2021                              2:22 PM
```

```
2                          P R O C E E D I N G S
```

```
3               THE CLERK:  CALLING CASE NUMBER 20-CV-8701, HUFNUS
```

```
4      VS DONOTPAY,INC.
```

```
5               COUNSEL FOR THE PLAINTIFF, PLEASE STATE YOUR
```

```
6      APPEARANCE FOR THE RECORD.
```

```
7               MR. HIRALDO:  GOOD AFTERNOON, YOUR HONOR.
```

```
8               IGNACIO HIRALDO FOR THE PLAINTIFF.
```

```
9               THE COURT:  GOOD AFTERNOON.
```

```
10              THE CLERK:  FOR DEFENDANT?
```

```
11              MS. KLAUSNER:  GOOD AFTERNOON, YOUR HONOR.
```

```
12              TONIA KLAUSNER WITH WILSON, SONSINI, GOODRICH &
```

```
13     ROSATI FOR THE DEFENDANT.  AND WITH ME HERE TODAY IS MY
```

```
14     ASSOCIATE SARA TOLBERT.
```

```
15              THE COURT:  HELLO.
```

```
16              MS. TOLBERT:  GOOD AFTERNOON, YOUR HONOR.
```

```
17              THE COURT:  OKAY.  SO, IT'S A LITTLE STRANGE, I
```

```
18     MEAN, I GUESS I WAS SORT OF EXPECTING ALL OF THESE TCPA CASES
```

```
19     TO, TO FALL AWAY AFTER THE COURT'S DECISION.  BUT THAT
```

```
20     DOESN'T -- I GUESS THERE WAS MAYBE A STRAY FOOTNOTE THAT HAS
```

```
21     GIVEN, GIVEN LIFE OR GIVEN HOPE TO SOME OF THESE PLAINTIFFS.  I
```

```
22     WILL ADMIT THAT I HAVEN'T READ THE DECISION YET.
```

```
23              BUT, IN ANY EVENT, FOR NOW, I MEAN ONE QUESTION I
```

```
24     HAD IS WHY YOU WERE PROPOSING SUCH AN ELONGATED SCHEDULE FOR
```

```
25     THE MOTION TO DISMISS?  BUT, PUTTING THAT ASIDE FOR A SECOND,
```

1     WHAT IS, WHAT IS THE MOTION TO DISMISS GOING TO ARGUE?  I MEAN,

2     DO YOU HAVE ANY LEGITIMATE BASIS FOR DISMISSING THE COMPLAINT

3     REALLY?

4               **MS. KLAUSNER:**  YES, YOUR HONOR.  THE COMPLAINT DOES

5     NOT ALLEGE USE OF A RANDOM OR SEQUENTIAL NUMBER GENERATOR TO

6     CREATE THE TELEPHONE NUMBERS THEMSELVES.  THAT IS, IT'S EXACTLY

7     THE ARGUMENT THAT FACEBOOK MADE BEFORE THE DISTRICT COURT IN

8     THE *DUGUID* CASE THAT WENT UP.  THE PLAINTIFF'S COUNSEL, WE ALSO

9     WERE SURPRISED THAT THEY DID NOT WANT TO DISMISS THIS CASE.  WE

10    THOUGHT, AFTER THE SUPREME COURT'S DECISION, THAT THEY WOULD

11    DISMISS THEIR COMPLAINT.

12              THE ORIGINAL COMPLAINT DID NOT ALLEGE USE OF A

13    RANDOM OR SEQUENTIAL NUMBER GENERATOR AT ALL.  AND THAT WAS,

14    THE PLAINTIFFS AMENDED THEIR COMPLAINT TO ADD USE OF A RANDOM

15    OR SEQUENTIAL NUMBER GENERATOR TO STORE NUMBERS.  SO

16    ESSENTIALLY THEIR THEORY OF THE CASE IS THAT IF THE SYSTEM CAN

17    STORE NUMBERS AND AUTOMATICALLY SEND THEM TEXT MESSAGES THEN

18    IT'S COVERED BY THE TCPA.  WE WOULD SUBMIT THAT'S EXACTLY THE

19    ARGUMENT THAT THE SUPREME COURT REJECTED.  AND THE FOOTNOTE

20    THAT THEY'RE RELYING ON IS TAKEN COMPLETELY OUT OF CONTEXT.

21              **THE COURT:**  SO IS IT A QUESTION OF THEM NEEDING TO

22    AMEND THEIR COMPLAINT TO MAKE MORE SPECIFIC ALLEGATIONS THAT

23    KIND OF COMPORT WITH THE SUPREME COURT'S RULING?  OR IS IT, IS

24    THE POINT THAT, YOU KNOW, THE WAY THEY'VE ALLEGED IT SHOWS THAT

25    IT, YOU KNOW, IT'S NOT AN AUTOMATED -- WHAT IS IT, ADTS?  AT --

1          **MS. KLAUSNER:**  AUTODIALER.

2          **THE COURT:**  YEAH, AUTODIALER.  THANK YOU.

3          **MS. KLAUSNER:**  MUCH EASIER THAT WAY.

4          **THE COURT:**  YEAH.

5          **MS. KLAUSNER:**  YEAH, I THINK IT'S A QUESTION OF LAW

6    WHETHER THE SUPREME COURT'S DECISION MEANS THAT, MEANS WHAT THE

7    PLAINTIFFS ARE SAYING IT MEANS, THAT ANY SYSTEM THAT CAN USE A

8    RANDOM OR SEQUENTIAL NUMBER GENERATOR TO SELECT NONRANDOM OR

9    SEQUENTIAL NUMBERS, SO DIRECT NUMBERS, THE TELEPHONE NUMBERS

10   THAT PEOPLE ARE SUPPLYING TO DONOTPAY WHEN THEY START THEIR

11   REGISTRATION PROCESS AND SEND THEM TEXT MESSAGES, IS THAT

12   ENOUGH AS A MATTER OF LAW?

13          OR, DOES THE SUPREME COURT'S DECISION ACTUALLY

14   FOLLOW THE CIRCUITS, THE SEVENTH CIRCUIT AND THE ELEVENTH

15   CIRCUIT AND THE THIRD CIRCUIT WHICH CLEARLY STATED -- AND I

16   DON'T THINK THERE'S ANY DISAGREEMENT AMONG COUNSEL ON THIS --

17   THE CIRCUIT SAID, A RANDOM AND SEQUENTIAL NUMBER GENERATOR

18   GENERATES RANDOM OR SEQUENTIAL TELEPHONE NUMBERS; THAT'S

19   EXACTLY THE HARM THAT CONGRESS WAS SEEKING TO ADDRESS WITH THIS

20   PROVISION OF THE TCPA.  SO I THINK THAT IT'S A QUESTION OF LAW

21   FOR THE COURT TO INTERPRET THE TCPA AS NOW INTERPRETED BY THE

22   U.S. SUPREME COURT.

23          **THE COURT:**  OKAY.  AND AN AMENDED COMPLAINT WAS

24   FILED ON APRIL 16TH, IS THAT RIGHT?

25          **MS. KLAUSNER:**  LET'S SEE.

4

1      **MR. HIRALDO:**  YOUR HONOR, WE FILED OUR -- THAT'S

2  CORRECT -- WE FILED OUR AMENDED COMPLAINT ON APRIL 16TH.

3      **THE COURT:**  AND YOU WANT A MONTH FROM THAT TO

4  RESPOND, DESPITE THE COMMAND THAT YOU JUST EXHIBITED OVER THE

5  SIMPLE LEGAL ISSUE THAT YOU'RE ASKING ME TO RESOLVE?

6      **MS. KLAUSNER:**  WE COULD CERTAINLY GET THAT MOTION

7  ON FILE SOONER, YOUR HONOR.

8      **THE COURT:**  OKAY.  SO HERE'S WHAT WE'RE GOING TO

9  DO, WE'RE GOING TO HAVE A HEARING ON YOUR ANTICIPATED MOTION TO

10 DISMISS ON JUNE 10TH.  AND, SO YOU CAN FILE, YOU'LL FILE YOUR

11 MOTION TO DISMISS SEVEN DAYS FROM TODAY, AND WE'LL HAVE THE

12 HEARING ON JUNE 10TH.

13      **MS. KLAUSNER:**  OKAY.

14      **THE COURT:**  AND THEN WE'LL HAVE, IF THERE'S

15 ANYTHING LEFT OF THE CASE AFTER THAT -- I MEAN, WHAT I'M

16 CONCERNED ABOUT, LET ME JUST SAY, SINCE I HAVE YOU HERE, WHAT

17 I'M CONCERNED ABOUT IS THAT THEY'RE GOING TO RESPOND TO YOUR

18 MOTION TO DISMISS BY SAYING LOOK, YOU SHOULDN'T DISMISS IT.

19 BUT EVEN IF YOU DECIDE TO DISMISS IT WE CAN TWEAK THE

20 ALLEGATIONS IN OUR COMPLAINT ABOUT THE TYPE OF SYSTEM THAT THEY

21 USED, AND THAT WILL, YOU KNOW, EASILY GET PAST A MOTION TO

22 DISMISS.  AND WE WILL HAVE WASTED A WHOLE BUNCH OF TIME GETTING

23 TO THE POINT OF DOING DISCOVERY ON YOUR AUTODIALER TO SEE WHAT,

24 OR ON YOUR SYSTEM TO MAKE A CONCLUSIVE DETERMINATION WHETHER

25 IT'S AN AUTODIALER.  THAT'S WHAT I'M WORRIED ABOUT.

1          **MS. KLAUSNER:**  YOUR HONOR, OUR CLIENT HAS ALREADY

2     PROVIDED A SWORN DECLARATION TO PLAINTIFFS' COUNSEL EXPLAINING

3     HOW THEIR SYSTEM WORKS AND THAT IT DOES NOT, IS NOT CAPABLE OF

4     GENERATING RANDOM OR SEQUENTIAL TELEPHONE NUMBERS.  THAT, THE

5     PERSON WHO ACTUALLY WAS INVOLVED IN THE PROGRAMMING OF THE

6     SYSTEM, THIS PARTICULAR PART OF THE SYSTEM, PROVIDED THAT

7     DECLARATION.  I DON'T THINK THAT THEY WOULD HAVE A GOOD FAITH

8     BASIS UNDER RULE 11 TO MAKE THAT ALLEGATION AT THIS POINT.

9          **MR. HIRALDO:**  YOUR HONOR, IF I MAY ADDRESS THAT

10    DECLARATION?

11          **THE COURT:**  SURE.

12          **MR. HIRALDO:**  WE DID RECEIVE THE DECLARATION, AND

13    IT ESSENTIALLY STATES THAT THE EQUIPMENT DOES NOT HAVE THE

14    CAPACITY TO GENERATE RANDOM OR SEQUENTIAL NUMBERS.  BUT THE

15    SAME INDIVIDUAL ORIGINALLY TOLD US THAT THESE WERE MANUALLY

16    SENT OUT.  NOW IT'S APPARENTLY AN ARTIFICIAL INTELLIGENCE THAT

17    DOESN'T GENERATE RANDOM OR SEQUENTIAL NUMBERS.  AND I THINK

18    THIS GOES TO YOUR HONOR'S POINT THAT THIS IS REALLY A QUESTION

19    OF FACT.  SO THEIR MOTION TO DISMISS IS GOING TO HAVE SOME KIND

20    OF MERITS DECLARATION ATTACHED, WHILE AT THE SAME TIME THEY'RE

21    ASKING YOUR HONOR NOT TO ALLOW THE PLAINTIFF TO ACTUALLY --

22          **THE COURT:**  NO, THEIR MOTION TO DISMISS IS NOT

23    GOING TO HAVE A DECLARATION ATTACHED ABOUT HOW THEIR SYSTEM

24    WORKS.

25          **MR. HIRALDO:**  THANK YOU, YOUR HONOR.  OUR, OUR

1    CONCERN IS --

2              **MS. KLAUSNER:**  AND THAT WOULDN'T BE, THAT WOULDN'T

3    BE THE INTENT.  IT WILL BE A MOTION --

4              **THE COURT:**  BUT LET ME, BUT MR. --

5              **MS. KLAUSNER:**  -- TO DISMISS.

6              **THE COURT:**  -- MR. HIRALDO, MAYBE LET ME JUST ASK

7    YOU, HAS, HAS SHE DESCRIBED THE ISSUE CORRECTLY?  I MEAN, IS

8    IT, IS IT A QUESTION OF WHETHER -- YOU ALLEGE THAT THEY USE A

9    CERTAIN TYPE OF DEVICE.  AND IS IT TRUE THAT THE QUESTION IS

10   WHETHER THAT TYPE OF DEVICE IS COVERED BY THE SUPREME COURT'S

11   RULING?  OR ARE YOU GOING TO BE COMING BACK AND SAYING HEY, IF

12   WE HAVEN'T ALLEGED IT ADEQUATELY ENOUGH WE CAN AMEND TO ALLEGE

13   IT ADEQUATELY ENOUGH?

14             **MR. HIRALDO:**  I THINK WHAT, WHAT THE ISSUE IS IS

15   THERE'S A FUNDAMENTAL DISAGREEMENT AS TO WHAT THE SUPREME COURT

16   STATED IN *FACEBOOK*.

17             **THE COURT:**  OKAY.

18             **MR. HIRALDO:**  AND UNDER DEFENDANT'S INTERPRETATION

19   IT'S THAT THE TELEPHONE NUMBERS THAT WERE CALLED HAD TO BE

20   GENERATED RANDOM OR SEQUENTIALLY.  AND, AS WELL, WE'LL SHOW IN

21   OUR BRIEFS, THAT'S NOT --

22             **THE COURT:**  OKAY.

23             **MR. HIRALDO:**  -- WHAT THE SUPREME COURT SAYS.

24             **THE COURT:**  SO YOU'RE, YOU'RE TOTALLY SATISFIED

25   WITH THE WAY YOU'VE ALLEGED IT IN THE COMPLAINT, AND YOU THINK

1    IT'S JUST A LEGAL ISSUE.  YOU'VE TAKEN YOUR BEST SHOT AT

2    ALLEGING IT THE WAY YOU WANT TO ALLEGE IT IN THE COMPLAINT, AND

3    THIS IS JUST A, A QUESTION OF INTERPRETING THE SUPREME COURT'S

4    RULING?

5              **MR. HIRALDO:**  I BELIEVE THAT'S CORRECT, YOUR HONOR.

6              **THE COURT:**  OKAY.  ALL RIGHT.  THAT'S FINE.  SO,

7    WE'LL HAVE A HEARING ON THE MOTION TO DISMISS ON THAT DATE.

8    AND WE'LL HAVE A CASE MANAGEMENT CONFERENCE, YOU KNOW, A COUPLE

9    WEEKS AFTER THAT TO SET A SCHEDULE IF WE NEED TO.

10             AND I'LL TELL YOU NOW THAT, THAT THE SCHEDULE WE

11   WILL SET WILL, YOU KNOW, THE DEFENDANTS HAVE EXPRESSED A DESIRE

12   TO DO SUMMARY JUDGMENT ON LIABILITY AS TO, AS TO THE NAMED

13   PLAINTIFF BEFORE GETTING INTO CLASS CERTIFICATION DISCOVERY,

14   AND I AGREE THAT THAT IS AN APPROPRIATE WAY TO HANDLE THIS

15   CASE.  SO YOU CAN, YOU CAN PLAN ON THAT HAPPENING REGARDLESS.

16             **MS. KLAUSNER:**  THANK YOU, YOUR HONOR.

17             ONE OTHER THING, THE PLAINTIFFS HAVE ALREADY SERVED

18   FULL DISCOVERY, EVEN THOUGH WE HAD PROPOSED IN THE STATEMENT --

19             **THE COURT:**  YOU KNOW, IT SOUNDS LIKE FROM THE WAY

20   YOU BOTH HAVE DESCRIBED THE CASE THAT DISCOVERY CAN BE STAYED

21   UNTIL RESOLUTION OF THE MOTION TO DISMISS.

22             **MS. KLAUSNER:**  THANK YOU, YOUR HONOR.

23             **THE COURT:**  OKAY.  THANK YOU.

24             **MR. HIRALDO:**  THANK YOU, YOUR HONOR.

25             **THE CLERK:**  SHOULD WE SET THE CMC AT THIS TIME,

1     JUDGE?

2                    **THE COURT:**  YEAH, GO AHEAD.

3                    **THE CLERK:**  JUNE 23RD, WITH A, AN UPDATED CASE

4     MANAGEMENT STATEMENT ON JUNE 16.

5                    **THE COURT:**  ALL RIGHT.  THANK YOU.

6                    **MR. HIRALDO:**  THANK YOU, YOUR HONOR.

7                    **MS. KLAUSNER:**  THANKS.  HAVE A GOOD DAY.

8                    **THE COURT:**  YOU TOO.

9                    **(WHEREUPON, PROCEEDINGS CONCLUDED AT 2:33 PM.)**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      **CERTIFICATE OF TRANSCRIBER**

2

3          I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

4      TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF

5      THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE

6      U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE

7      PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE

8      ABOVE MATTER.

9          I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED

10     TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH

11     THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY

12     NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

13

14

15

16                              /S/ *GINA GALVAN COLIN*
                                _____
17                              GINA GALVAN COLIN, TRANSCRIBER

18                              FRIDAY, MAY 14, 2021
19

20

21

22

23

24

25