**DAPEER ROSENBLIT LITVAK, LLP**
William Litvak
(Cal. Bar No. 90533)
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
E: wlitvak@drllaw.com
T: 310-477-5575

**IJH Law**
Ignacio Hiraldo, Esq.
(*pro hac vice*)
1200 Brickell Ave. Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469

*Attorneys for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MATHEW HUFNUS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DONOTPAY, INC., a Delaware Corporation, <br><br> Defendant. | Case No. 3:20-cv-8701-VC <br><br> **CLASS ACTION** <br><br> **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Plaintiff hereby gives notice of the following supplemental authority in support of his Opposition to Defendant's Motion to Dismiss, [DE 32]: *Carl v. First Nat'l Bank of Omaha*, Docket no. 2:19-cv-00504-GZS, 2021 U.S. Dist. LEXIS 111889 (D Me. June 15, 2021)("There remains, in the Court's view, a number of factual disputes regarding the other 600-plus calls, including whether all or some of these calls were placed using an ATDS….The TCPA defines an ATDS as 'equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers.' 47 U.S.C. § 227(a)(1).

After the pending cross-motions were placed under advisement, the Supreme Court issued its decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), which announced: 'To qualify as an [ATDS], a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.' *Id*. at 1167. Viewing the record in the light most favorable to Plaintiff, there is a trialworthy question as to whether the Voice Portal system had the capacity to 'store a telephone number using a random or sequential generator.' *Id*. However, it is less clear that the 'campaigns' FNBO loaded onto its Voice Portal system involved the actual *use* of a random or sequential generator. Nonetheless, the Court acknowledges, as Plaintiff has argued in his supplemental briefing, that *Duguid* suggested that an ATDS could potentially fall under TCPA if it 'use[s] a random number generator to determine the order in which to pick phone numbers from a preproduced list. [and] then store[s] those numbers to be dialed at a later time.' *Duguid*, 141 S. Ct. at 1172 n.7. While this description may encompass Defendant's Voice Portal system, the issue is not amenable to summary judgment on the current record.").  A copy of order outlining the court's holding is attached as **Exhibit A.**

Date: June 11, 2021

                                          Respectfully submitted,

                            By:   **HIRALDO P.A.**

                                  */s/ Manuel S. Hiraldo*
Manuel Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
mhiraldo@hiraldolaw.com
Telephone: 954-400-4713