## Atkinson v. Pro Custom Solar Lcc

United States District Court for the Western District of Texas, San Antonio Division

June 16, 2021, Decided; June 16, 2021, Filed

CIVIL NO. SA-21-CV-178-OLG

**Reporter**

2021 U.S. Dist. LEXIS 112396 *

TRACY ATKINSON, Plaintiff v. PRO CUSTOM SOLAR LCC d/b/a MOMENTUM SOLAR, Defendant

**Counsel:** **[*1]** For Tracy Atkinson, Plaintiff: Amy Lynn Bennecoff Ginsburg, Kimmel & Silverman, PC, Ambler, PA USA.

For Pro Custom Solar LLC d/b/a Momentum Solar, Defendant: Jessica Junek, Thomas G. Jacks, LEAD ATTORNEYS, Hartline Barger LLP, Dallas, TX USA; Thomas J. Cotton, LEAD ATTORNEY, Schenck, Price, Smith and King, LLP, Florham Park, NJ USA.

**Judges:** ORLANDO L. GARCIA, CHIEF UNITED STATES DISTRICT JUDGE.

**Opinion by:** ORLANDO L. GARCIA

**Opinion**

## ORDER

Pending before the Court is Defendant's motion to stay or, in the alternative, motion to dismiss. Docket no. 5. Plaintiff filed a response (docket no. 6) and Defendant filed a reply (docket no. 7). The Court has reviewed the complaint, the briefs, and the applicable law, and finds that the motion to stay should be denied as moot and the motion to dismiss should also be denied.

The parties agree that the motion to stay should be denied as moot. Movant requested a stay pending a decision by the Supreme Court in *Facebook, Inc. v. Duguid.* That opinion has since been issued. *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163, 592 U.S. __(2021). However, Defendant still

seeks dismissal of the federal TCPA claims (counts I and II of the complaint) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding such a motion, "[t]he court accepts **[*2]** all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In her complaint, Plaintiff alleges, *inter alia*, that Defendant called her and sent text messages using an automatic telephone dialing system that "has the present . . . capacity to dial numbers in a random and/or sequential fashion." *See* docket no. 1, ¶ 11,

12, 14, 23, 25. The Court finds these allegations sufficient to state a plausible claim under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, as recently construed by the Supreme Court in *Facebook, Inc. v. Duguid.*

In the *Facebook* case, the TCPA claim was dismissed after "Duguid failed to allege that Facebook used an autodialer because he did not claim Facebook sent text messages to numbers that were randomly or sequentially generated. Rather, Facebook argued, Duguid alleged that Facebook sent targeted, individualized texts to numbers linked to specific accounts." *Facebook, Inc. v. Duguid*, 141 S.Ct. at 1168. Under **[*3]** the facts alleged herein, Plaintiff claims that Defendant called and texted her using an automatic telephone dialing system that "has the present . . . capacity to dial numbers in a random and/or sequential fashion." Docket no. 1, ¶ 11, 12, 14, 23, 25. She does not allege that Defendant placed targeted, individualized calls or texts to her. The Court finds these factual allegations sufficient to survive dismissal under Rule

12(b)(6).

As a practical matter, no plaintiff will have personal knowledge of the defendant's telephone system at the pleadings stage. Only the defendant has that knowledge. However, Plaintiff has pled enough facts to proceed with discovery, at which time she will have the opportunity to discover the precise technology that was used at the time of the alleged violation(s). If the technology does not meet the definition set forth in the statute, as construed by the Supreme Court in *Facebook, Inc. v. Duguid*, then Defendant may move for summary judgment on that basis.

It is therefore ORDERED that Defendant's motion to stay (docket no. 5) is DENIED as moot and Defendant's motion to dismiss for failure to state a claim (docket no. 5) is also DENIED. Defendant must file its answer within **[*4]** 14 days from the date below, and the parties must also re-file their scheduling recommendations with specific dates for the deadlines stated therein.

SIGNED this 16th day of June, 2021.

/s/ Orlando L. Garcia

ORLANDO L. GARCIA

CHIEF U.S. DISTRICT JUDGE

**End of Document**