UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW HUFNUS,<br><br>   Plaintiff,<br><br>  v.<br><br>DONOTPAY, INC.,<br><br>   Defendant. | Case No. 20-cv-08701-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 30 |

  DoNotPay's motion to dismiss is granted. To state a claim under the Telephone Consumer Protection Act (TCPA), Hufnus must allege that DoNotPay sent messages using an "automatic telephone dialing system" (autodialer) within the meaning of the TCPA. *See* 47 U.S.C. § 227(a)(1). To qualify as an autodialer, a device must have "the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021). The platform DoNotPay used to contact Hufnus merely processes phone numbers supplied by consumers while signing up for DoNotPay's services. As alleged in the complaint, DoNotPay's platform then stores these numbers in a random and/or sequential way; uses a random and/or sequential generator to pull from the list of numbers to send targeted text messages; and uses a random and/or sequential generator to determine the sequence in which to send messages. But the platform only contacts phone numbers specifically provided by consumers during DoNotPay's registration process, and not phone numbers identified in a random or sequential fashion. The platform thus does not qualify as an autodialer under the TCPA.

  Hufnus resists this conclusion by pointing to a line from footnote 7 of the *Duguid*

opinion, which provides that "an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at a later time." 141 S. Ct. at 1172 n.7. Hufnus argues that DoNotPay's platform uses a random number generator to determine the order in which to pick from the preproduced list of consumer phone numbers, such that it does qualify as an autodialer. But Hufnus's argument relies on an acontextual reading of this line, both with respect to the footnote specifically and the opinion more generally. As to the footnote, the Court employed the quoted line to explain how an autodialer might both "store" *and* "produce" randomly or sequentially generated phone numbers, citing to an amicus curiae brief from the Professional Association for Customer Engagement for support. That brief makes clear that the "preproduced list" of phone numbers referenced in the footnote was itself created through a random or sequential number generator, differentiating it from the "preproduced list" of phone numbers used by DoNotPay, which was created by consumers providing their numbers while signing up for DoNotPay's services.[1]

More generally, Hufnus's reading of footnote 7 conflicts with *Duguid*'s holding and rationale. The Supreme Court explained in *Duguid* that the TCPA's definition of autodialer concerns devices that allow companies "to dial random or sequential blocks of telephone numbers automatically," not systems, such as DoNotPay's, that randomly or sequentially dial numbers from a list that was itself created in a non-random, non-sequential way. 141 S. Ct. at 1167. The Supreme Court also explicitly stated that its opinion in *Duguid* was intended "to resolve a conflict among the Courts of Appeals" about the types of devices that qualify as autodialers. *Id.* at 1168. And DoNotPay's platform is akin to the systems deemed to *not* qualify as autodialers by the Courts of Appeals with which the Supreme Court sided, because DoNotPay's system targets phone numbers that were obtained in a non-random way (specifically, from consumers who provided them). *See, e.g.*, *Gadelhak v. AT&T Services, Inc.*,

---

[1] The Professional Association for Customer Engagement's request to file an amicus curiae brief is granted.

950 F.3d 458, 460 (7th Cir. 2020) (Barrett, J.) (holding that a system that "exclusively dials numbers stored in a customer database" does not qualify as an autodialer); *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306 (11th Cir. 2020) (adopting a definition of autodialer that excludes equipment that "target[s] a list of debtors" or "target[s] individuals likely to be interested in buying vacation properties").

The platform DoNotPay used to contact Hufnus does not qualify as an autodialer under the TCPA. Hufnus's claim thus fails as a matter of law, and dismissal is without leave to amend.

**IT IS SO ORDERED.**

Dated: June 24, 2021

VINCE CHHABRIA
United States District Judge